**William M BRYSON, Jr, Petitioner–Appellant**

v.

**Fredrick MENIFEE, Respondent–Appellee**

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

William M Bryson, Jr, Petitioner–
Appellant

v.

United States of America;  Timothy S
Slice, Respondents–Appellees.

Nos. 06–30885, 07–30409
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 25, 2008.

---

William M. Bryson, Jr., U.S. Penitentia-
ry Pollock, Pollock, LA, for Petitioner–
Appellant.

Before WIENER, GARZA, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

In this consolidated appeal, William M.
Bryson, Jr., federal prisoner # 95662–071,
appeals the denial of his 28 U.S.C. § 2241
petition and the denial of a series of pro se
pleadings, which the district court also
construed as requests for § 2241 relief.
In both cases, the district court held that
the claims raised by Bryson, which at-
tacked his conviction and sentence, were
more properly raised via 28 U.S.C. § 2255
and, because Bryson was unable to show
the § 2255 remedy inadequate, he was ine-
ligible to proceed via § 2241.  The perti-
nent issue before us therefore is whether
the district court erred in determining that
to the extent Bryson's claims attacked his
conviction and the imposition of his sen-
tence, he has failed to show the § 2255
remedy inadequate.

The only argument Bryson arguably
makes with regard to the pertinent issue
on appeal is one contending that the dis-
trict court erred in construing his 18
U.S.C. § 3582(c)(2) motion as raising habe-
as claims.  In that motion, he raised a
sentencing-error claim, arguing that the
district court sentenced him under the
wrong edition of the Sentencing Guide-
lines.  Bryson's sentencing-error claim is
not cognizable under § 3582(c), which pro-
vides for modification of a defendant's sen-
tence only if he was sentenced to a term of
imprisonment based on a sentencing range
that has subsequently been lowered by the

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sentencing Commission. § 3582(c)(2). The sentencing-error claim was properly construed by the district court as a request for collateral relief. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Errors that purportedly occurred at sentencing may not be asserted under § 2241 unless they arise under the savings clause of § 2255. *Padilla v. United States,* 416 F.3d 424, 426–27 (5th Cir.2005). Bryson has made no showing that his claim arises under the savings clause of § 2255. Consequently, he has not shown any error on the part of the district court in denying his request for relief.

Bryson additionally asks us to rule on the propriety of the district court's denial of a second, but identical, § 3582(c)(2) motion on January 9, 2007. That motion was summarily denied after the appeal of Bryson's § 2241 petition had been docketed in this court. Consequently, the appeal of that order is not before us.

AFFIRMED.